## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ALABAMA.

—◆—

Present at this Term, { Judges *Lipscomb,*
*Saffold,*
*Ellis* and
*Crenshaw.*

IN the absence of the Chief Justice, Judge *Lipscomb* appointed Chief Justice pro tempore.

———

John Click jr. and Luther Morgan *against* John Click.  *December*, 1822.

*John Click* sen. sued out a writ of capias to the Circuit Court of *Tuskaloosa* county, in debt against *John Click* jr. and *Luther Morgan*, "surviving partners of the late firm of "*John Click* and Co." Service of the writ was acknowledged as follows: "I acknowledge the service of this writ "this 1st *March* 1822, *John Click*, of the firm of *Morgan* "and *Smith.*" The declaration was against *John Click* jr. and *Luther Morgan*, "surviving partners of the late firm of "*John Click* and Co., who with one *Samuel Smith* de- "ceased, were merchants and copartners, trading under the "firm and style of *John Click* and Co.," on a promissory note of *John Click* and Co. for $181, payable to *James Click*, and by him assigned to plaintiff. At *March* term, 1822, the Circuit Court rendered judgment by default for the amount of the note and interest against *John Click* jr. and *Morgan.* They sued out a writ of Error, and here assigned as Errors,

That the writ does not appear to have been even in the possession of an officer, whose duty it was to execute it. Nor

*By the Act of February, 1818, acknowledgment of service of Writ by one partner is binding on all.*

does it appear that plaintiffs in Error were partners when John Click jr. acknowledged service of the writ, or that he was ever a partner ; the acknowledgment by him being as of the firm of *Morgan* and *Smith*, and the note declared on being the note of *John Click* and Co.—That the writ does not charge plaintiffs in Error as partners when it issued ; and that the judgment against them is by default, when they were not in Court.

The case was argued by *H. G. Perry* for plaintiffs, and *Owen* for defendant in Error.

Judge Saffold delivered the opinion of the Court.

It is contended by the counsel for the plaintiffs in Error, that the service of the writ is insufficient ; that *Click*, who acknowledged the service, does not appear to be the same who was of the firm of *John Click* and Co. : that it is to be inferred that the acknowledgment was made after the co-partnership was dissolved, when he could not (even if he could during the partnership) bind the other partners by it.

The Act of *February*, 1818, " for the better regulation of " judicial proceedings," (Laws Alaba, 450) noticed in the argument, provides that " when a writ shall be issued against " all the partners of any firm, service of the same, or any one " of them, shall be deemed equivalent to a service on all." The statute does not prescribe the manner of service, whether by the sheriff or by other legal means. It is sufficient if legal service be perfected on any one of the firm ; and it is believed never to have been questioned, but that an acknowledgment of the service is to all intents and purposes as valid as if the writ had been executed by the sheriff. The plaintiffs in Error were declared against as *John Click* jr. and *Luther Morgan*, surviving partners of the late firm of *John Click* and Co., who, with *Samuel Smith* deceased, were co-partners, trading under the firm of *John Click* and Co. The most rational inference from the description which *John Click* gives of himself in his acknowledgment is, that he was one of this firm, and that his object was to give the names of all who had composed it. He shews that he was of the firm of *Morgan* and *Smith*, and the declaration claims a debt contracted by *Click*, *Morgan* and *Smith* : but we conceive that this description may be treated as surplusage ; and that in all cases, when legal service is made on one bearing the name of the defendant, the presumption is that he is the same until the contrary shall appear.

It does not appear that at the time of declaring the partnership had been dissolved. *Smith* had died, and the other two were sued as the surviving partners. But if it did so

appear, we are of opinion that it would not alter the case. We hold that for all debts contracted by a firm trading in partnership, actions may be instituted by service of process on any one who was a partner at the time of contracting. That a dissolution of the partnership, a matter at all times within the control of those composing it, cannot affect the rights of creditors; and that the plaintiffs cannot, by dissolving, defeat the remedy provided by the Statute.

DECEMBER, 1822.

Let the judgment be affirmed.